## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| YSAEL CASTRO ESPINOSA,<br><br>     Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>     Defendant. | Civ. Action No. 22-3566 (JXN)(ESK)<br><br>**MEMORANDUM OPINION** |

**NEALS**, District Judge:

  Currently before the Court is *pro se* Plaintiff Ysael Castro Espinosa's ("Plaintiff") civil rights Complaint ("Complaint") (ECF No. 1), filed pursuant to 42 U.S.C. § 1983. (ECF No. 1.) Plaintiff alleges that he is a federal detainee confined in the Essex County Correctional Facility. Plaintiff asserts claims against the United States arising out of alleged violations of his speedy trial rights resulting from this Court's COVID-related standing orders, as well as various restrictive jail conditions to which he has been subjected as a result of his continued pre-trial detention.

  Also before the Court is Plaintiff's application to proceed *in forma pauperis*. (ECF No. 1-1.) Based on his affidavit of indigence (ECF No. 1-1), the Court grants him leave to proceed *in forma pauperis* and orders the Clerk of the Court to file the Complaint.

  The Court must now review the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.

The legal standard for dismissing a complaint for failure to state a claim pursuant to Sections 1915(e)(2)(B) or 1915A is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008). A court properly grants a motion to dismiss pursuant to Rule 12(b)(6) if, "accepting all well pleaded allegations in the complaint as true, and viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997) (quotations and citations omitted).

To survive *sua sponte* screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Belmont v. MB Inv. Partners, Inc.*, 708 F.3d 470, 483 n.17 (3d Cir. 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

In his Complaint, Plaintiff raises civil rights claims against a single named Defendant – the United States.[1] The United States, however, is not subject to suit for constitutional torts, which

---

[1] Although Plaintiff explicitly names only one Defendant – the United States – Plaintiff does mention federal judges in his complaint and, by implication, their role in adopting the allegedly unconstitutional standing order. To the extent that Plaintiff intends to raise claims against the judges of this Court or the Third Circuit Court of Appeals, they are absolutely immune from suit and any claim Plaintiff may have against these judges is dismissed with prejudice. *See, e.g., Figueroa v. Blackburn*, 208 F.3d 435, 440–41 (3d Cir. 2000) ("[J]udges . . . are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly.").

2

include Plaintiff's claims[2], and entitles it to absolute sovereign immunity in this matter. *See, e.g., F.D.I.C. v. Meyer*, 510 U.S. 471, 476–77, 484–85 (1994) (the United States is immune from suit for constitutional torts, and *Bivens* provides no cause of action against the United States or its agencies); *Larson v. Domestic & Foreign Commerce Corp.*, 337 U.S. 682, 687 (1949) (sovereign immunity bars suit against the United States either for damages or for injunctive relief requiring government action); *United States v. Rural Elec. Convenience Co-op. Co.*, 922 F.2d 429, 434 (7th Cir. 1991) (sovereign immunity bars suits seeking damages or coercive injunctive relief); *Scott v. Manenti*, No. 15-7213, 2016 WL 80640, at *1 n. 2 (D.N.J. Jan. 7, 2016). Plaintiff's civil rights claims against the United States must therefore be dismissed with prejudice.[3]

Although the dismissal of the sole Defendant is sufficient to resolve Plaintiff's Complaint, the Court notes one additional issue. In addition to money damages, Plaintiff seeks both the award of additional jail credits toward any sentence he may ultimately receive as well as to challenge the fundamental legality of his current pre-trial detention in light of the Speedy Trial Act. A civil rights matter, however, may not be used to challenge the fact or length of a prisoner's detention – any claim which would impugn or otherwise overturn the fact or length of a prisoner's detention must be raised either via a criminal motion or a habeas petition. *See, e.g., Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) ("a . . . prisoner's [civil rights] action is barred (absent prior invalidation [of his period of detention]) – no matter the relief sought (damages or equitable relief), no matter the

---

[2] Although Plaintiff states that his claims arise out of a litany of different state and federal civil rights statutes, as well as the Supreme Court's decision in *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388, 397 (1971), because he seeks to raise claims only against the United States, which operates under color of federal law rather than state law, only *Bivens* could provide for such an action. While the Court need not reach the issue at this time in light of the United States' immunity from suit, the Court notes that the Supreme Court has cautioned against expanding the *Bivens* remedy into new contexts absent compelling reasons, and even were the United States not immune, Plaintiff's claims may also be beyond the scope of *Bivens*. *See Ziglar v. Abbassi*, 137 S. Ct. 1843 (2017).

[3] Because Plaintiff could conceivably raise at least some of his claims for money damages or non-credit injunctive relief against a defendant who is not immune, Plaintiff is free to file a new complaint to the extent that he has claims against any non-immune defendants.

target of the prisoner's suit (state conduct leading to conviction or internal [disciplinary] proceedings) – *if* success in that action would necessarily demonstrate the invalidity of the confinement or its duration"); *Edwards v. Balisok*, 520 U.S. 641, 643-48 (1997) (award or restoration of additional jail credits in civil rights action would impugn validity of length of detention). Because Plaintiff appears to allege that he is a pre-trial detainee, and because courts in this circuit generally decline to exercise pre-trial habeas jurisdiction, to the extent Plaintiff seeks to raise a speedy trial challenge to his detention or to seek additional jail credits towards his sentence, he must do so through a motion filed in his underlying criminal matter. *See, e.g., Reese v. Warden Philadelphia FDC*, 904 F.3d 244, 246-47 (3d Cir. 2018) (pre-trial detainee may not resort to habeas petition and must instead seek pre-trial relief through the filing of a criminal motion).

In conclusion, Plaintiff's application to proceed *in forma pauperis* (ECF No. 1-1) is **GRANTED**, and Plaintiff's claims against the United States are **DISMISSED WITH PREJUDICE**. An appropriate Order follows.

Dated: June 16, 2022

                                                  s/ Julien Xavier Neals
                                                  **JULIEN XAVIER NEALS**
                                                  **United States District Judge**